**CT Corporation**

**Service of Process
Transmittal**
11/17/2010
CT Log Number 517617228

TO: Hattie Booth
Allstate Insurance Company
2775 Sanders Road, Corp Litigation --A6
Northbrook, IL 60062-6127

RE: **Process Served in Nevada**

FOR: ALLSTATE INSURANCE COMPANY (Domestic State: IL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** Ricky L. Peterson, Pltf. vs. ALLSTATE INSURANCE COMPANY and Does I through X, Dfts.

**DOCUMENT(S) SERVED:** Letter(s), Summons, Complaint, Relief

**COURT/AGENCY:** Clark County District Court, NV
Case # A627018

**NATURE OF ACTION:** Insurance Litigation - Policy benefits claimed for personal injuries received as a result of a vehicle collision on January 24, 2009

**ON WHOM PROCESS WAS SERVED:** The Corporation Trust Company of Nevada, Carson City, NV

**DATE AND HOUR OF SERVICE:** By Certified Mail on 11/17/2010 postmarked on 11/15/2010

**APPEARANCE OR ANSWER DUE:** Within 20 days after the service exclusive of the day of service

**ATTORNEY(S) / SENDER(S):** Robert L. Amrick, Esq.
Amrick Law Office
6030 S.Rainbow Blvd., Ste. D
Las Vegas, NV 89118
702-320-1616

**ACTION ITEMS:** CT has retained the current log, Retain Date: 11/17/2010, Expected Purge Date: 11/22/2010
Image SOP
Email Notification, Patti Cummings pgarq@allstate.com
Email Notification, Bill Boodro wboodro@allstate.com
Email Notification, Hattie Booth HBOOTH@ALLSTATE.COM

**SIGNED:** The Corporation Trust Company of Nevada
**PER:** Amy McLaren
**ADDRESS:** 311 South Division Street
Carson City, NV 89703
**TELEPHONE:** 800-592-9023

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JIM GIBBONS
Governor

DIANNE CORNWALL
Director

**STATE OF NEVADA**



BRETT J. BARRATT
Commissioner of Insurance

## DEPARTMENT OF BUSINESS AND INDUSTRY
# DIVISION OF INSURANCE
### 2501 E. Sahara Avenue, No. 302
### Las Vegas, Nevada    89104
### (702) 486-4009   •   Fax (702) 486-4007
E-mail: insinfo@doi.nv.gov

November 15, 2010

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
# 7010 1870 0003 0187 1990

ALLSTATE INSURANCE COMPANY
C/O CORPORATION TRUST COMPANY OF NEVADA
311 SOUTH DIVISION STREET
CARSON CITY, NV  89703

Re:   Case No.     A627018
      Case Name:   **Peterson v. Allstate Ins. Co.**

Dear Agent:

The enclosed Summons and Complaint in the matter referenced above, were delivered to the office of the Commissioner of Insurance, on November 10, 2010, in accordance with NRS 680A.260. To complete service of process, we are forthwith mailing by certified mail one of the copies of such process to you, the person designated by the insurer to receive such.

Also enclosed herein is a true and correct copy of the Proof of Service in this matter dated November 15, 2010, and a copy of our letter to Plaintiff's counsel, dated November 15, 2010.

You have 30 days from the date of this service to respond.

If you have any questions regarding this service, please do not hesitate to contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us
Enclosures

## PROOF OF SERVICE

I hereby declare that on this day I served a copy of the Summons and Complaint upon defendant **ALLSTATE INSURANCE COMPANY** in the within entitled matter, by mailing a copy thereof, properly addressed with postage prepaid, certified mail, return receipt requested, to the following:

**C/O CORPORATION TRUST COMPANY OF NEVADA
311 SOUTH DIVISION STREET
CARSON CITY, NV  89703**

I declare, under penalty of perjury, that the foregoing is true and correct.

**DATED** this 15th day of November, 2010.

MARILYN BRASFIELD
Employee of the State of Nevada
Department of Business and Industry
Division of Insurance

Court: Eighth Judicial District Court, Clark County, Nevada
Case Name: Peterson v. Allstate Ins. Co.
Case No. A627018
Certified Receipt No. 7010 1870 0003 0187 1990

State of Nevada, Division of Insurance
This document on which this certificate
is stamped is a full, true and correct
copy of the original.

Date: 11-15-10 By: ___

JIM GIBBONS
Governor

STATE OF NEVADA

BRETT J. BARRATT
Commissioner of Insurance

DIANNE CORNWALL
Director



DEPARTMENT OF BUSINESS AND INDUSTRY

## DIVISION OF INSURANCE

2501 E. Sahara Avenue, No. 302

Las Vegas, Nevada   89104

November 15, 2010

(702) 486-4009   •   Fax (702) 486-4007

E-mail: insinfo@doi.nv.gov

ROBERT L. AMICK, ESQ.
AMICK LAW OFFICE
SUITE D-1
6030 SOUTH RAINBOW BOULEVARD
LAS VEGAS, NV  89118

Re:   Case No.       **A627018**
      Case Name:   **Peterson v. Allstate Ins. Co.**

Dear Mr. Amick:

On November 10, 2010, the Summons and Complaint in the matter referenced above were delivered to the office of the Commissioner of Insurance.

To complete service of process, we have forthwith mailed by certified mail one copy of such documents in the matter referenced above to the entity currently designated by the insurer to receive such process. We are forwarding to you by first class mail the following:

1.    A receipt in the amount of $30.00.
2.    A copy of our letter to the insurance company, dated November 15, 2010.
3.    The original Proof of Service, dated November 15, 2010, and served upon **ALLSTATE INSURANCE COMPANY.**

Please be aware that all documents after initial Service of Process may be served directly to the party.  See NRS 680A.260, 685A.200 and 685B.050.

If you have any questions regarding this service, please contact us.

Cordially yours,
BRETT J. BARRATT
Commissioner of Insurance
Enclosures

Marilyn Brasfield
Service of Process Clerk
Telephone: 702.486.4060
Email: mbrasfield@doi.state.nv.us

```
RECEIVED
NOV 1 0 2010
DIVISION OF INSURANCE
STATE OF NEVADA
```

1  SUMM
   AMICK LAW OFFICE
2  ROBERT L. AMICK, ESQ.
   Nevada Bar No. 5204
3  6030 S. Rainbow Blvd., Ste. D-1
   Las Vegas, Nevada 89118
4  (702) 320-1616
   Fax: (702) 320-3979
5  Attorneys for Plaintiff
   RICKY L. PETERSON
6
                          DISTRICT COURT
7
                      CLARK COUNTY, NEVADA
8
9  RICKY L. PETERSON,

10          Plaintiff,

                                    CASE NO.: A637018
11  vs.                             DEPT NO.: XV

12  ALLSTATE INSURANCE COMPANY,
    individually; and DOES I through X, inclusive,
13
            Defendants.
14
15                        **SUMMONS**

16     NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT

17  YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION

18  BELOW.

19     TO DEFENDANT:

20            **ALLSTATE INSURANCE COMPANY**

21     A civil Complaint has been filed by the Plaintiffs against you for the relief set forth in the Complaint.

22     1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on you

23           exclusive of the day of service, you must do the following:

24     a.    File with the Clerk of this Court, whose address is shown below, a formal written response

25           to the Complaint in accordance with the rules of the Court, with the appropriate filing fees.

26     b.    Serve copy of your response upon the attorney whose name and address is shown below.

27     2.    Unless you respond, your default will be entered upon application of the Plaintiff and this

28           Court may enter a judgement against you for the relief demanded in the Complaint, which

                                    1

could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of this summons within which to file an answer or other responsive pleading to the complaint.

DATED this ___11th___ day of October, 2010.

AMICK LAW OFFICE

By:_____
Robert L. Amick, Esq.
Nevada Bar No.: 5204
6030 S. Rainbow Blvd., Ste. D-1
Las Vegas, Nevada 89118
Attorney for Plaintiff
RICKY L. PETERSON

CLERK OF COURT

PATRICIA AZUCENA OCT 14 2010

By:_____
DEPUTY CLERK
County Courthouse
200 South Third Street
Las Vegas, Nevada 89155

DISTRICT
COURT
SEAL

2

Electronically Filed
10/11/2010 10 04:29 AM

CLERK OF THE COURT

RECEIVED
NOV 1 0 2010
DIVISION OF INSURANCE
STATE OF NEVADA

1 | **COMP**
AMICK LAW OFFICE
2 | ROBERT L. AMICK, ESQ.
Nevada Bar No. 5204
3 | 6030 S. Rainbow Blvd., Ste. D-1
Las Vegas, Nevada 89118
4 | (702) 320-1616
Fax: (702) 320-3979
5 | Attorney for Plaintiff
RICKY L. PETERSON

6 |

7 |

8 |

DISTRICT COURT

CLARK COUNTY, NEVADA

9 | RICKY L. PETERSON,

10 |          Plaintiff,

11 | vs.

12 | ALLSTATE INSURANCE COMPANY,
individually; and DOES I through X, inclusive,
13 |

14 |          Defendants.

CASE NO.: A - 1 0 - 6 2 7 0 1 8 - C
DEPT NO.:      X V

15 | **COMPLAINT**

16 |     Plaintiff, RICKY L. PETERSON, by and through his attorney of record, ROBERT L. AMICK, ESQ.,

17 | of AMICK LAW OFFICE, hereby complains, alleges, and states as his claims for relief and causes of action,

18 | as follows:

19 | **ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

20 |                    1.

21 |     Plaintiff, RICKY L. PETERSON, (hereinafter PETERSON) is and was at all times relevant to this

22 | litigation, a resident of the County of Clark, State of Nevada.

23 |                    2.

24 |     On information and belief, Plaintiff alleges that the Defendant, ALLSTATE INSURANCE

25 | COMPANY, (hereinafter ALLSTATE), is and was at all times relevant hereto, a corporate entity and was

26 | licensed and doing business in Clark County, Nevada.

27 |

28 | ////

1

3.

The Defendants identified as DOES I through X and ROE CORPORATIONS I though X, inclusive, are sued and designated herein by fictitious names because their true names and identities are currently unknown to Plaintiff, and upon ascertaining their true names, Plaintiff will seek leave of the Court to substitute such true names should it develop that any of them be found to be responsible for the events and happenings referred to herein, which proximately caused damages to the Plaintiff. Plaintiff will seek leave of Court to amend the Complaint to insert the true names and capacities of said fictitious Defendants when the same have been ascertained, and to join said Defendants in this action. It is believed that such fictitious Defendants may consists of other Insurance Companies, subsidiaries or parent companies of the Insurance Companies named herein, specific claims adjusters or claims handlers, adjusting companies or entities, etc., which may have had duties and obligations with regard to the claim handling and decision making process dealing with the insurance claim submitted by or on behalf of the Plaintiff, PETERSON. It is believed that such fictitious Defendants may consist of companies, partnerships, corporations, employers, employees, agents, or other entities, to which the names Defendants belonged, and/or with whom they may have been affiliated, at the time of the actions or inactions complained of herein.

4.

At all times relevant hereto, each of the Defendants' agents, servants, and employees was acting within the course and scope of their employment with the other Defendants herein named, and/or was acting with the authority of such Defendant or an agent of said Defendant, and consequently, an agency and/or vicarious liability may have been created and may be applicable to the allegations contained herein.

5.

At all times relevant hereto, each of the named Defendants may have been associated as parent company or subsidiary company of the other named Defendants, and consequently, an agency and/or vicarious liability may have been created and may be applicable to the allegations contained herein.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT FOR
## UNDERINSURED MOTORIST BENEFITS

6.

Plaintiff repeats and re-alleges each of his allegations set forth in Paragraphs 1 through 5 of the

2

1  Complaint on file herein, as though the same were fully set forth herein verbatim.

2                                    7.

3       That on or about January 24, 2009, Plaintiff, PETERSON, was a driver of a vehicle which was

4  stopped northbound on IR15 approaching Charleston Boulevard in Las Vegas, Clark County, Nevada.

5  Plaintiff, PETERSON's vehicle was struck in the rear by a vehicle being driven by Mr. Perry Lucky and

6  forced into the vehicle in front of him, being driven by Ms. Evelyn Cubias.

7                                    8.

8       That as a direct and proximate result of said automobile accident, the Plaintiff, PETERSON, was

9  required to incur expenses for medical care, treatment and expenses incidental thereto, and he may be

10  required in the future to incur expenses for and to employ physicians, nurses, physical therapists and to

11  produce hospitalization, medicine and general medical care and attention in an amount not yet ascertained,

12  and in this regard the Plaintiff prays leave of the Court to insert all said damages herein when the same have

13  been fully ascertained or proof thereof at the time of trial herein.

14                                    9.

15      That subsequent to the January 24, 2009, automobile accident, Plaintiff, RICKY L. PETERSON,

16  entered into a settlement agreement with the tortfeasor's insurer Unitrin Direct Insurance Company. Unitrin

17  paid their policy limits of $50,000.00, to Plaintiff, PETERSON.

18                                    10.

19      That Plaintiff, PETERSON's damages including physical and emotional injuries, wage loss, loss of

20  earning capacity, and general pain and suffering, far exceed the $50,000.00, provided by the tortfeasor's

21  insurance policy.

22                                    11.

23      That prior to January 24, 2009, the Defendant, ALLSTATE, issued a policy of automobile insurance,

24  policy number 044846674 12/24, to Plaintiff, PETERSON. Among other things, said policy of insurance

25  provided uninsured/underinsured motorists coverage in the amount of $15,000.00 per person. That said

26  policy of insurance was in full force and effect on January 24, 2009. That Plaintiff, PETERSON, has duly

27  performed all conditions, provisions, and terms of the agreements of the policy of insurance, related to

28  Plaintiff's loss, and furnished to the Defendants, full and complete particulars of said loss.

                                      3

12.

Plaintiff, PETERSON, has fulfilled and performed all of the conditions precedent of the insurance agreement or contract, up through and including January 24, 2009, on which date Plaintiff, PETERSON, was involved in said motor vehicle accident.

13.

That pursuant to the insurance agreement or contract between PETERSON and Defendants, Defendants have a duty to pay uninsured/underinsured motorists benefits to Plaintiff, PETERSON.

14.

That Plaintiff, PETERSON, has demanded numerous times that Defendants pay the fair and equitable amount due and owing under the uninsured/underinsured motorist provisions, but Defendants have refused and continued to refuse to do so.

15.

On or about September 29, 2009, the Plaintiff, PETERSON, provided the Defendant ALLSTATE INSURANCE COMPANY (through their representative Beata Janecek) with all his medical billings and records and demanded the policy limits of $15,000.00 be tendered. The demand was based primarily upon the significant damages suffered in the subject accident, including but not limited to several sets of injections. A response to the demand was requested by October 23, 2009.

16.

On or about October 2, 2009, ALLSTATE acknowledged receipt of the demand, and stated that they needed some missing records. Plaintiff provided said records on October 5, 2009. On October 30, 2009, Defendant stated Plaintiff's injury claim does not "surpass the offset from the tortfeasor's policy," see Exhibit 1, letter from ALLSTATE.

17.

As of the date of this Complaint, ALLSTATE has failed to offer any monies in writing to Plaintiff, PETERSON's demand for underinsured benefits under the applicable policy of insurance.

18.

As a direct and proximate result of Defendants' breach of the insurance agreements or contracts, Plaintiff, RICKY L. PETERSON, has been injured and has suffered damages in an amount in excess of

4

1  $10,000.00.

2                                   19.

3      That by reason of the foregoing, Plaintiff has been required to retain the services of an attorney to

4  prosecute this matter, and consequently, Plaintiff is entitled to an award of reasonable attorney's fees and

5  costs incurred herein.

6                         **SECOND CLAIM FOR RELIEF**
                         **COMMON LAW BAD FAITH**

7                                   20.

8      Plaintiff repeats and re-alleges each of his allegations set forth in Paragraphs 1 through 19 of the

9  Complaint on file herein, as though the same were fully set forth herein verbatim.

10                                  21.

11     That at all times mentioned herein the Defendants, and each of them, and their agents, owed a duty

12  to the Plaintiff, to comply with the covenant of good faith and fair dealing implied in every contract, and to

13  do nothing to injure the right of the Plaintiff to receive benefits under the above referenced policy of

14  insurance.

15                                  22.

16     That Defendants, and each of them, through their agents, have acted in bad faith and have violated

17  and breached the implied common law covenant of good faith and fair dealing, having continuously failed

18  and refused to pay the Plaintiff the sum of money still due and owing him under the uninsured/under-insured

19  provisions of the policy of insurance issued to PETERSON by the Defendants.

20                                  23.

21     That as direct and proximate result of the Defendants' breach of the implied common law covenant

22  of good faith and fair dealing, the Plaintiff has been subject to liability for the unpaid medical expenses, has

23  been unable to obtain required medical care, and has suffered severe mental agony, anxiety, and distress.

24                                  24.

25     That the aforesaid conduct of the Defendants was in willful, wanton, and reckless disregard of the

26  Plaintiff's interests, to such an extent as to constitute oppression, fraud and actual malice toward the

27  Plaintiff, thus entitling him to an award of punitive damages.

28

25.

That by reason of the foregoing, Plaintiff has been required to retain the service of an attorney to prosecute this action, and consequently, Plaintiff is entitled to an award of reasonable attorneys fees and costs incurred herein.

## THIRD CLAIM FOR RELIEF
## STATUTORY BAD FAITH

26.

Plaintiff repeats and re-alleges each of his allegations contained in Paragraphs 1 through 25 contained in his Complaint on file herein, as though the same were fully set forth herein verbatim.

27.

That at all times mentioned herein the Defendants, and each of them, and their agents, owed a duty to the Plaintiff, to comply with the Nevada insurance regulations, and the Nevada Revised Statutes, including but not limited to NRS 686A.310.

28.

That Defendants, and each of them, through their agents, have acted in bad faith and have breached and violated the Nevada insurance regulations, and the Nevada Revised Statutes, including but not limited to NRS 686A.310, by repeatedly and continuously failing and refusing to pay to the Plaintiff the sum of money still due and owing him under the uninsured/underinsured provisions of the policy of insurance issued to PETERSON by the Defendants.

29.

That in accordance with NRS 686A.310(1)(e), the Defendants, and each of them, owed a duty to the Plaintiff to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

30.

That the Defendants, and each of them, through their agents, have violated 686A.310(1)(e), and have failed to effectuate a prompt, fair, and equitable settlement of the Plaintiff's claim, after liability had become reasonably clear.

////

31.

That a direct and proximate result of the Defendants' breach and violation of the Nevada insurance regulations, and the Nevada Revised Statues, the Plaintiff has been subject to liability for the unpaid medical expenses, has been unable to obtain required medical care, and has suffered severe mental agony, anxiety, and distress.

32.

That the aforesaid conduct of the Defendants was in willful, wanton, and reckless disregard of the Plaintiff's interests, to such an extent as to constitute oppression, fraud and actual malice toward the Plaintiff, thus entitling him to an award of punitive damages.

33.

That by reason of the foregoing, Plaintiff has been required to retain the services of an attorney to prosecute this action, and consequently, Plaintiff is entitled to an award of reasonable attorneys fees and costs incurred herein.

WHEREFORE, Plaintiff prays for Judgement against the Defendants, and each of them, as follows:

## FIRST CLAIM FOR RELIEF

1. For compensatory and special damages in an amount in excess of $10,000.00;
2. For general damages in an amount to be proven at the time of trial;
3. For reasonable attorney's fees and costs incurred herein, together with pre-judgment and post-judgement interest; and
4. For such other and further relief as the court may find just and proper under the circumstances.

## SECOND CLAIM FOR RELIEF

1. For compensatory and special damages in an amount in excess of $10,000.00;
2. For General damages in an amount to be proven at the time of trial;
3. For punitive damages in an amount in excess of $10,000.00;
4. For reasonable attorney's fees and costs incurred herein, together with pre-judgement an post-judgement interest; and
5. For such other and further relief as the court may find just and proper under the

7

circumstances.

## THIRD CLAIM FOR RELIEF

1.  For compensatory and special damages in an amount in excess of $10,000.00;

2.  For General damages in an amount to be proven at the time of trial;

3.  For punitive damages in an amount in excess of $10,000.00;

4.  For reasonable attorney's fees and costs incurred herein, together with pre-judgement and post-judgement interest; and

5.  For such other and further relief as the court may find just and proper under the circumstances.

DATED this ___2th___ day of October, 2010.

AMICK LAW OFFICE

Robert L. Amick, Esq.
Nevada Bar 5204
6030 S. Rainbow Blvd., Ste. D-1
Las Vegas, Nevada 89118
Attorney for Plaintiff
RICKY L. PETERSON

8