UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICKY L. PETERSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:10-cv-02123-GMN-RJJ |
| vs. ) | |
| ) | **ORDER** |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Plaintiff Ricky Peterson ("Plaintiff")'s Motion to Remand (ECF No. 4); Defendant Allstate Insurance Company's ("Defendant") Response (ECF No. 6); Plaintiff's Reply (ECF No. 7); and Plaintiff's Supplement to the Motion to Remand (ECF No. 10). For the reasons that follow, Plaintiff's Motion to Remand (ECF No. 4) will be GRANTED.

**I.   BACKGROUND**

This lawsuit arises from the denial of Plaintiff's claim for underinsured motorist benefits under his insurance policy with Defendant. On January 24, 2009, the vehicle Plaintiff was driving was struck in the rear by another vehicle and, in turn, was pushed into the rear of the vehicle in front of Plaintiff. As a result of this collision, Plaintiff claims to have sustained damages "including physical and emotional injuries, wage loss, loss of earning capacity, and general pain and suffering [that] far exceed the $50,000.00, provided by the tortfeasor's insurance policy." (Compl. ¶ 10, ECF No. 1-2.)

Because Plaintiff's alleged damages exceeded the tortfeasor's policy limits, Plaintiff "demanded numerous times" that Defendant compensate Plaintiff from the $15,000.00 uninsured/underinsured ("UIM") policy Plaintiff had with Defendant. (Compl. ¶ 14, ECF No. 1-2.) Defendant rejected those demands, and this lawsuit followed.

This action was initially filed in state court and alleges three causes of action: Breach of Contract for Underinsured Motorist Benefits; Common Law Bad Faith; and Statutory Bad Faith. Plaintiff seeks punitive damages as to both bad faith claims.

Fewer than thirty (30) days after Defendant was served with this Complaint, Defendant removed the lawsuit to this Court on the basis of diversity jurisdiction. Plaintiff now objects to that removal and requests remand, arguing that Defendant has failed to show that the amount in controversy in this case exceeds the jurisdiction minimum of more than $75,000.00.

## II.   DISCUSSION

A civil action brought in a state court may be removed by the defendant to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant has the burden of establishing that removal is proper. *Id.*

Plaintiff's Complaint does not allege damages in excess of $75,000.00 on its face. Plaintiff merely alleges that he is entitled to his UIM benefits of $15,000.00 and general damages in excess of $10,000.00 based on the harm Plaintiff allegedly suffered as a result of Defendant withholding the UIM benefits. Plaintiff also alleges that he is entitled punitive damages in excess of $10,000 as to his bad faith claims. Defendant removed based on its speculation that Plaintiff's punitive damages could exceed $50,000.00 and on the theory that

Plaintiff might demand his remaining $48,000.00 in medical payments coverage under his policy with Defendant. However, this second argument can be quickly disregarded, as Plaintiff's complaint makes no mention of a demand for payment under the medical payments aspect of his policy with Defendant; the Complaint appears to apply only to his UIM policy limits.

Where it is not evident from the face of the Complaint that the amount in controversy meets the jurisdictional threshold, the removing party must prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996). Defendant has not done so here.

Defendant is not helped by its assertion that "the potential for punitive damages alone exceeds the monetary jurisdictional amount of $75,000.00" and its citation to *Woodward v. Newcourt Commercial Financial Corporation*, 60 F. Supp. 2d 530, 532 (D. S.C. 1999) for the proposition that the plaintiff's bar rarely seeks less than ten times damages and that juries routinely award such punitive damages against corporations. (*See* Pet. For Removal 2:3-9, ECF No. 1.) As this Court previously explained in a case dealing with the same Defendant and nearly identical facts--the plaintiff was seeking her $15,000.00 UIM policy limits, in excess of $10,000.00 in general damages, and punitive damages--to allow Defendant to point to what it views as jurors' tendencies and the inclinations of plaintiff's attorneys would "limit the strict construction requirement and remove the burden of proof from defendant." *Raschke v. Allstate Property & Casualty Insurance Company*, No. 2:10-cv-02120-GMN-PAL, 2011 WL 86580, at *2 (D. Nev. Jan. 10, 2011). Such speculation based on general tendencies is particularly inapt when, as here, Plaintiff's counsel was in fact willing to resolve Plaintiff's claims for $15,000. (*See* Supplement, ECF No. 10.) Accordingly, this case will be remanded to state court.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 4) is

1 **GRANTED**.

2        DATED this 7th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge